UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

CHRISTOPHER LOPEZ,

                Plaintiff,                  **MEMORANDUM & ORDER**
                                                                                    18-CV-149 (MKB)

                v.

THE CITY OF NEW YORK,

                Defendant.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

        Plaintiff Christopher Lopez, proceeding *pro se*,[1] commenced the above-captioned action on January 8, 2018 against the New York City Fire Department (the "FDNY"). (Compl., Docket Entry No. 1.) On May 30, 2018, Plaintiff filed an Amended Complaint against Defendant City of New York, asserting claims for race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* ("Title VII"), New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"), and New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.* ("NYCHRL"), and claims for race discrimination, failure to train, failure to supervise, failure to discipline, and municipal liability pursuant to 42 U.S.C. § 1983. (Am. Compl., Docket Entry No. 10.) Plaintiff alleges that after the settlement of a prior lawsuit against Defendant where Defendant agreed to designate Plaintiff and others as "priority hires" in applying for employment to the FDNY, the FDNY discriminated against

---

[1] On November 1, 2018, counsel filed a notice of appearance on Plaintiff's behalf. (Notice of Appearance, Docket Entry No. 15.) Accordingly, Plaintiff is no longer proceeding *pro se*.

Plaintiff and retaliated against him for filing a charge with the Equal Employment Opportunity Commission ("EEOC") by denying him employment."). (*See generally id.*)

Currently before the Court is Defendant's motion to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Def. Mot. to Dismiss ("Def. Mot."), Docket Entry No. 19; Def. Mem. in Supp. of Def. Mot. ("Def. Mem."), Docket Entry No. 21.) For the reasons set forth below, the Court grants in part and denies in part Defendant's motion. The Court also grants Plaintiff leave to file a second amended complaint within thirty (30) days of the date of this Memorandum and Order.

## I. Background

### a. Factual background

Plaintiff identifies as Hispanic.[2] (Am. Compl. ¶ 1.) In approximately 1999, Plaintiff took and passed the "FDNY firefighter qualification test," but was "never called for service." (*Id.* ¶ 2.)

#### i. The 2013 Disqualification and the 2013 EEOC Charge

In approximately June of 2013, the FDNY's Personnel Review Board ("PRB") sent Plaintiff a letter rejecting his "application to become a firefighter" on the grounds of "poor character" (the "2013 Disqualification"). (*Id.* ¶ 5.) Plaintiff alleges that he "knew of white applicants to the FDNY who had more recent, serious criminal charges [than Plaintiff], who were nonetheless offered employment." (*Id.* ¶ 6.)

In September of 2013, Plaintiff filed a charge of race discrimination with the EEOC (the "2013 EEOC Charge"), (*id.* ¶ 7), and in approximately February of 2014, Plaintiff received a

---

[2] The Court assumes the truth of the factual allegations in the Amended Complaint for the purposes of this Memorandum and Order.

right to sue letter, (*id.* ¶ 8).

### ii. The Class Action and the 2017 Disqualification

Plaintiff was a "class member of a lawsuit against [Defendant] challenging the [FDNY's] racially discriminatory hiring practices" (the "Class Action"). (*Id.* ¶ 1.) On an unspecified date, the parties to the Class Action reached a settlement and the FDNY "agreed to reconsider . . . rejected firefighter applicants . . . using [a] new protocol." (*Id.* ¶ 11.) Such applicants were designated "priority hires." (*Id.* ¶ 3.)

Plaintiff subsequently reapplied to the FDNY as a "priority hire." (*Id.* ¶ 15.) On or about January 25, 2017, Plaintiff received a notice from the PRB rejecting his application "on the basis of [Plaintiff's] character" (the "2017 Disqualification"). (*Id.*)

Plaintiff alleges that the PRB "was not supposed to know which applicants came from priority hires when it considered rejected applications under the new protocol," but contends that because the "cutoff age for . . . competitive [FDNY] candidates is 29 years old [and] the priority hire class' ages ranged from 35 [to] 45 years of age," the PRB "would have been able to deduce which applicants were priority [hires]." (*Id.* ¶¶ 13, 16.)

In addition, Plaintiff alleges that the FDNY Candidate Investigation Division ("CID") and the PRB "were not permitted to communicate" about a candidate's identity "but were doing so by means of using stickers that were color coded [and] placed on each candidate[']s file." (*Id.* ¶ 17.) Plaintiff alleges that the stickers were red, yellow, and green, and that a yellow sticker was placed on his file. (*Id.*)

Plaintiff also alleges that the FDNY denied the applications of Andre J. Laurant, Erik Pilger, and Christopher Hunter, three other priority hires who filed EEOC charges after the initial rejection of their applications, but did not deny the applications of other priority hires, including

3

Hazim Tawfiq, Jose Desources, and Khelana Jackson, who had "familial relations in the FDNY" and who did not file EEOC charges after the initial rejection of their applications. (*Id.* ¶¶ 23–25.)

### iii. The September 2017 EEOC Charge

In or about September of 2017, Plaintiff filed a second charge with the EEOC alleging "retaliation in violation of Title VII" (the "2017 EEOC Charge"). (*Id.* ¶ 21.) Plaintiff subsequently received a right to sue letter dated December 21, 2017 (the "2017 Right to Sue Letter").³ (*Id.* ¶ 22.)

## II. Discussion

### a. Standard of review

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint liberally, "accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." *Concord Assoc's, L.P. v. Entm't Prop. Trust*, 817 F.3d 46, 52 (2d Cir. 2016) (quoting *Chambers v. Time Warner Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)); *see also Tsirelman v. Daines*, 794 F.3d 310, 313 (2d Cir. 2015) (quoting *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997)). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Pension Ben. Guar. Corp. ex rel. St.*

---

³ The 2017 Right to Sue Letter indicates that Plaintiff filed the 2017 EEOC Charge pursuant to the Age Discrimination in Employment Act ("ADEA"). (*See* Right to Sue Letter, annexed to Am. Compl. as Ex. A, Docket Entry No. 10.)

4

*Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717–18 (2d Cir. 2013). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Thus, courts must liberally construe papers submitted by *pro se* litigants "to raise the strongest arguments they suggest." *Wiley v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015).

### b. Plaintiff has exhausted his administrative remedies

Defendant argues that Plaintiff's Title VII race discrimination and retaliation claims should be dismissed because he failed to exhaust his administrative remedies. (Def. Mem. 12–13.) In support, Defendant argues that the 2017 Right to Sue Letter indicates that Plaintiff filed the 2017 EEOC Charge pursuant to the Age Discrimination in Employment Act ("ADEA"), a "wholly different" type of discrimination from Title VII race discrimination and retaliation. (*Id.* at 13.)

Plaintiff argues that he has exhausted his administrative remedies because the allegations in the 2017 EEOC Charge are "reasonably related" to those in this action, as both concern the "discrimination [that Plaintiff] endured during the hiring process" and because Defendant had "notice of the underlying nature of Plaintiff[']s chief complaint." (Pl. Mem. in Opp'n to Def. Mot. ("Pl. Opp'n") 12, Docket Entry No. 23.)

Before bringing a federal claim under Title VII, a plaintiff must first file a complaint with

5

the EEOC or equivalent state agency. 42 U.S.C. § 2000e-5(e)(1); *Duplan v. City of New York*, 888 F.3d 612, 624 (2d Cir. 2018) ("Exhaustion is 'an essential element of Title VII's statutory scheme.'" (quoting *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018))). However, "claims not raised in the EEOC complaint may still be part of the complaint later filed in federal court 'if they are "reasonably related" to the claim filed with the agency.'" *Littlejohn v. City of New York*, 795 F.3d 297, 322 (2d Cir. 2015) (quoting *Williams v. N.Y.C. Hous. Auth.*, 458 F.3d 67, 69 (2d Cir. 2006)); *see also Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) (same). "Reasonably related" claims are recognized in three situations: where (1) the alleged discriminatory conduct "would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination"; (2) the claim is one of "retaliation by an employer against an employee for filing an EEOC charge"; and (3) the plaintiff "alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." *Terry v. Ashcroft*, 336 F.3d 128, 151 (2d Cir. 2003) (citation and internal quotation marks omitted); *see also Littlejohn*, 795 F.3d at 322 ("A claim is reasonably related to the filed claim 'if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made.'" (quoting *Deravin v. Kerik*, 335 F.3d 195, 200–01 (2d Cir. 2003))). "The central question is whether the complaint filed with the EEOC gave that agency adequate notice." *Williams*, 458 F.3d at 70 (citation and internal quotation marks omitted); *see also Hoffman v. Williamsville Sch. Dist.*, 443 F. App'x 647, 649 (2d Cir. 2011) ("A new allegation will be considered reasonably related if the administrative charge provided the EEOC with sufficient notice to investigate the allegation."). Courts look at "factual allegations made in the EEOC charge itself, describing the discriminatory conduct about which a plaintiff is grieving" to

6

determine whether the claims are reasonably related. *Littlejohn*, 795 F.3d at 322 (alteration omitted) (quoting *Deravin*, 335 F.3d at 201); *Carby v. Holder*, No. 11-CV-5775, 2013 WL 3481722, at \*5 (S.D.N.Y. July 10, 2013) ("Th[e] [exhaustion] analysis is 'intimately connected to the facts asserted in the EEOC complaint,' and does not depend on the boxes checked or labels applied by the plaintiff in the EEOC complaint." (quoting *Williams*, 458 F.3d at 71)).

The Court denies Defendant's motion to dismiss Plaintiff's Title VII claims for failure to exhaust administrative remedies. Although Plaintiff did not attach the 2017 EEOC Charge to the Amended Complaint, based on the allegations in the Amended Complaint, Plaintiff appears to have complained in the 2017 EEOC Charge that after the Class Action "challenging the [FDNY's] racially discriminatory hiring practices," the FDNY designated Plaintiff a "priority hire," but denied Plaintiff employment after it improperly "deduce[d] which applicants were priority [hires]" from the applicants' age. (Am. Compl. ¶¶ 1, 16.) Based on these allegations, the EEOC investigation arising out of the 2017 EEOC Charge would reasonably be expected to include an investigation into whether the FDNY improperly used Plaintiff's age to uncover his status as a priority hire, and thus discovered his race or ethnicity, and whether the FDNY denied Plaintiff employment based on that characteristic. (*See id.* ¶¶ 16–17); *see also Williams v. N.Y.C. Hous. Auth.*, 458 F.3d 67, 71 (2d Cir. 2006) (concluding that "because the factual underpinnings" of the plaintiff's claim were presented in the plaintiff's EEOC complaint, the plaintiff had exhausted her administrative remedies); *Jones v. N.Y.C. Dep't of Educ.*, 286 F. Supp. 3d 442, 448 (E.D.N.Y. 2018) (finding the plaintiff's retaliation claim was exhausted because even though the "plaintiff did not 'check the box' for retaliation, he pleaded enough facts in his [administrative] complaint to put the EEOC on notice of retaliatory conduct"); *cf. Hamzik v. Office for People with Dev. Disabilities*, 859 F. Supp. 2d 265, 277 (N.D.N.Y. 2012) (finding that

7

claims were not reasonably related where claims in lawsuit involved "different types of alleged discrimination arising from completely separate conduct by different defendants who were not named in the EEOC charge"). In light of the Court's conclusion that, based on the allegations in the Amended Complaint, the EEOC investigation of Plaintiff's 2017 EEOC Charge would reasonably be expected to include an investigation into whether the FDNY denied Plaintiff employment based on his race or ethnicity, and the fact that Plaintiff is not required to demonstrate exhaustion at the pleading stage, the Court denies Defendant's motion to dismiss for failure to exhaust Plaintiff's Title VII race discrimination and retaliation claims. *See Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 491 (2d Cir. 2018) ("[W]e hold that the burden of pleading and proving Title VII exhaustion lies with defendants and operates as an affirmative defense."); *DiPetto v. U.S. Postal Serv.*, 383 F. App'x 102, 104 (2d Cir. 2010) (explaining that a plaintiff is "not required to demonstrate at the pleading stage that his claims were administratively exhausted" (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007))).[4]

    **c. The Court denies Defendant's motion to dismiss Plaintiff's Title VII, NYSHRL, and NYCHRL claims for race discrimination and retaliation**

Defendant argues that the Court should dismiss Plaintiff's (1) Title VII and NYSHRL claims for race discrimination because he cannot establish an inference of discrimination, and (2) Title VII retaliation claim because he cannot establish a causal connection between the 2013 EEOC Charge and the 2017 Disqualification. (Def. Mem. 14, 17.) In addition, Defendant

---

[4] In addition to arguing that the Court should dismiss Plaintiff's Title VII claims for failure to exhaust, Defendant argues that the Court should dismiss any claims stemming from the 2013 Disqualification on the basis of claim and issue preclusion. (Def. Mem. 10–12.) The Court need not consider this argument, as Plaintiff states that he commenced this action "for the sole purpose of addressing the circumstances related to the [2017 Disqualification]," and not the [2013 Disqualification]." (Pl. Opp'n 6.)

argues that Plaintiff has not adequately stated a claim for discrimination pursuant to the NYCHRL because Plaintiff "does not allege any actions or remarks by decision makers which reflect discriminatory animus or that he was treated less well due to his race." (*Id.* at 21.)

Plaintiff does not address Defendant's arguments and instead requests leave to file a second amended complaint so that he is "afforded the benefit of an attorney draftsman."[5] (Pl. Opp'n 16.)

Because the Court agrees that Plaintiff would benefit from an "attorney draftsman" and Plaintiff retained a lawyer after filing the Amended Complaint, the Court grants him leave to file a second amended complaint. *See* Fed. R. Civ. P. 15(a)(2) (explaining that leave to amend should be "freely give[n] . . . when justice so requires"); *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018) ("[I]t is within the sound discretion of the district court to grant or deny leave to amend." (citation omitted)). Accordingly, the Court denies Defendant's motion to dismiss Plaintiff's Title VII, NYCHRL and NYSHRL claims without prejudice to renew.

### d. The Court grants Defendant's motion to dismiss Plaintiff's section 1983 claims

Defendant argues that the Court should dismiss Plaintiff's section 1983 claim for race discrimination because "it is well-settled that a municipality may only be liable under § 1983 if the plaintiff was subjected to deprivation due to a municipal policy or custom." (Def. Mem. 19.) In addition, Defendant argues that Plaintiff has not adequately pled a claim for failure to train, supervise, or discipline because he has not shown that any such failure amounted to deliberate indifference. (*Id.* at 20.)

---

[5] Although Plaintiff argues that he would benefit from an "attorney draftsman" as to his Title VII claims only, (*see id.* at 16), the Court also grants Plaintiff leave to re-plead his NYSHRL and NYCHRL claims.

Plaintiff does not respond to Defendant's arguments as to his section 1983 claims nor argue that he should be granted leave to replead them. (*See generally* Pl. Opp'n.) The Court therefore finds that Plaintiff has abandoned these claims. *See Jackson v. Fed. Express*, 766 F.3d 189, 196 (2d Cir. 2014) (explaining that "a partial response reflects a decision . . . to pursue some claims or defenses and to abandon others"); *Randall v. Dish Net., LLC*, No. 17-CV-5428, 2018 WL 3235543, at *5 (E.D.N.Y. July 2, 2018) ("In light of the [p]laintiff's failure to address these claims in his opposition papers to this motion, [they] are deemed abandoned."); *Mainella v. Golub Corp.*, No. 15-CV-1082, 2018 WL 1587049, at *7 (N.D.N.Y. Mar. 28, 2018) ("Where a plaintiff fails to respond to a defendant's arguments regarding some of her claims but responds to its arguments regarding other claims, the courts generally assume that the plaintiff has abandoned those claims."); *Romeo & Juliette Laser Hair Removal, Inc. v. Assam I LLC*, No. 08-CV-442, 2014 WL 4723299, at *7 (S.D.N.Y. Sept. 23, 2014) ("At the motion to dismiss stage . . . , a plaintiff abandons a claim by failing to address the defendant's arguments in support of dismissing that claim."). Accordingly, the Court grants Defendant's motion as to Plaintiff's section 1983 claims and dismisses those claims.

## III. Conclusion

For the foregoing reasons, the Court denies Defendant's motion to dismiss Plaintiff's Title VII, NYSHRL, and NYCHRL claims and grants Plaintiff's request to allow him to file a second amended complaint within thirty (30) days of the date of this Memorandum and Order. The Court grants Defendant's motion as to Plaintiff's section 1983 claims and dismisses those claims.

Dated: August 7, 2019
       Brooklyn, New York

SO ORDERED:

     s/ MKB
MARGO K. BRODIE
United States District Judge